FILED
04 MAR 29 PM 4:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

DAVID KILGORE,        }
                      }
    Plaintiff,        }        CIVIL ACTION NO.
                      }        03-AR-0027-M
v.                    }
                      }
UNITED PARCEL SERVICE, INC., }
et al.,               }
                      }
    Defendants.       }


ENTERED
MAR 29 2004

### MEMORANDUM OPINION

Plaintiff, David Kilgore ("Kilgore"), has filed a motion to compel discovery responses, a motion to exceed the limitation on requests for production, and a motion for leave to file a sur-reply to the response filed by defendants, United Parcel Service, Inc. and United Parcel Service of Ohio, Inc. (collectively "UPS"). There being no objection to the motion for leave to file a sur-reply, the court will grant that motion and take into consideration the arguments raised in the sur-reply.

On March 20, 2003, this court entered a scheduling order (Doc. #10) which limited interrogatories and requests for production to 25 for each party. Based on the parties' planning report, the court set discovery to end on October 31, 2003. The court subsequently granted a joint motion to extended discovery to December 1, 2003. Before that date had passed, Kilgore requested a further extension to January 31, 2004. The court granted that motion. Then, on

December 10, 2003, the court extended discovery to February 3, 2004. (Doc. #46). On that date, Kilgore filed the pending motions to compel and for leave to exceed the limitation on requests for production.

However, Kilgore had already served on UPS requests exceeding the number specified in the scheduling order. Kilgore's first set of interrogatories and requests for production were served on UPS on March 25, 2003. There were 21 requests for production and at least[1] 12 interrogatories. On October 28, 2003, Kilgore served seven more interrogatories and seven more requests for production on UPS. On November 21, 2003, Kilgore served at least two more requests for production on UPS. Only now, after the discovery has been served and the discovery deadline has passed, does Kilgore seek leave to exceed the limitations set out in the scheduling order.

Kilgore concedes that he agreed to the limitations set out in the scheduling order, but argues that "it is difficult to know the scope of discovery at the beginning of a case." (Doc. #57 at 7). While foreseeing the scope of discovery shortly after filing an action can be difficult, Kilgore's motion comes after more than eleven months of discovery. At the very least, Kilgore foresaw the need to exceed the limits set out in the scheduling order when he

---

[1] Rule 33, F.R.Civ.P., recognizes that some parties may attempt to reduce the number of interrogatories served through compound questions. Accordingly, the Rule provides that the limitation "in number includ[es] all discrete subparts."

filed discovery exceeding those limits on October 28, 2003 -- over three months before he sought leave. The untimely motion for leave will be denied.

The motion to compel, *inter alia*, seeks responsive production to Kilgore's second and third requests for production. The requests for production exceed the limits set by the scheduling order. The motion will be denied as to production because the requests were sent without leave of court.

Kilgore also seeks to compel more complete answers to interrogatories 2 through 7 in his second set of interrogatories. Specifically, Kilgore complains that UPS limited response to the time period of **May** 1, 2001 through October 1, **2001**, despite the express request for answers regarding the time period of **March** 1, 2001 through October 1, **2002**. Kilgore does not identify any other deficiency with UPS' interrogatory answers.

UPS object that the interrogatories exceed the number permitted. UPS are wrong. The court permitted 25 interrogatories by each party to any other party. Kilgore sent a total of 19 interrogatories to United Parcel Service, Inc. and a total of 21 interrogatories to UPS of Ohio, Inc. These numbers do not exceed the limit.

Alternatively, UPS argue that Kilgore's second set of interrogatories seeks the same information responsive to the first set of interrogatories. The court denied Kilgore's motion to compel

responses to the first set of interrogatories on November 21, 2003. However, that motion was denied because letters between the parties' counsel indicated an agreement to limit the answers. Those letters did not concern Kilgore's second set of interrogatories. The second set of interrogatories cannot fairly be said to simply restate the original interrogatories. UPS cannot hide behind a letter defining the scope of interrogatories that are not at issue in the pending motion. Kilgore's motion as to the interrogatories will be granted.

DONE this 29th day of March, 2004.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE